FILED

18 JAN 22 AM 8: 21

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 17CV2436 BEN NLS |
| Plaintiff, | CONSENT DECREE; ORDER |
| vs. | |
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | |
| Defendant. | |

## I.
## INTRODUCTION

Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") and Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint in the above-styled Action, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e et seq. ("Title VII").

The EEOC's Complaint alleges that Defendant unlawfully discriminated against Charging Party William Webb ("Webb") based on religion (Islam) in violation of Sections 701 (j) and 703(a) Title VII. More specifically, the Complaint alleges that Defendant failed to provide Webb a religious accommodation and discharged him based on his religion, Islam. The Commission

1

also alleges that Defendant discharged Webb in retaliation for having engaged in protected activity in violation of Section 704(a) of Title VII.

## II.

### PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The Parties to this Consent Decree ("Decree") are the EEOC and Defendant.  Defendant stipulates that it is the entity responsible for (i) providing the monetary relief set forth below to Webb, and (ii) implementing the non-monetary relief described in this Consent Decree.  This Decree shall be binding on and enforceable against Defendant, its officers, directors, agents, successors, and assigns, as specified herein.

B.     The Parties have entered into the Decree for the following purposes:

1. To provide monetary and injunctive relief;
2. To provide a final and binding settlement upon the Parties as to all claims alleged in the EEOC's Complaint in this Action;
3. To ensure that Defendant continues to implement appropriate measures to provide a work environment that is free from religious discrimination and retaliation;
4. To ensure that Defendant continues to implement effective policies, complaint procedures and training with respect to federal laws prohibiting discrimination and harassment based on religion and retaliation;
5. To ensure that Defendant continues to maintain effective policies, complaint procedures and training with respect to federal laws prohibiting religious discrimination and retaliation.
6. To avoid expensive and protracted costs incident to this litigation.

2

C.     Defendant expressly denies each of the allegations contained in the EEOC's Complaint and in Charging Party's charge of discrimination. Further, Defendant's execution of this Decree is not an admission of liability.

### III.

### RELEASE OF CLAIMS

A.     This Decree fully and completely resolves between Defendant and the EEOC all claims that are raised by the EEOC against Defendant in the Complaint filed in the United States District Court, Southern District of California and captioned <u>U.S. Equal Employment Opportunity Commission v. Universal Protection Service, LP d/b/a Allied Universal Security Services</u>, Civil Case No. 17CV2436 BEN NLS .

B.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained here.

C.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

### IV.

### EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided here, the Decree shall remain in effect for three (3) years after the Effective Date.

## V.

## MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

C.    By mutual agreement of the Parties, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree.

## VI.

## JURISDICTION

A.    This Court has jurisdiction over the Parties and the subject matter of this lawsuit.  The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable, and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person.

B.    The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree.  Prior to initiating such petition or action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes has / have been breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have forty-five (45) days from receipt of the EEOC's notice of the alleged breach to attempt to address, resolve or cure the alleged breach.

B.      The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

C.      Unless the Parties have mutually agreed to extend the period by which the Defendant can address, resolve or cure the alleged breach, after forty-five (45) days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. In such a petition or action, the EEOC may seek all available relief, including, but not limited to, an extension of the terms of the Decree for such period of time as the Defendant is shown to be in breach of the Decree.

## VIII.

## MONETARY RELIEF

A.      In settlement of this lawsuit, Defendant shall pay the gross sum of Ninety thousand dollars ($90,000.00) in total monetary relief to Charging Party William Webb of which $67,000.00 shall be designated as compensatory damages.

B.      A check in the gross amount of $67,000.00 shall be issued to Webb.  This $67,000 in compensatory damages shall be designated as non-wage compensation,

1  and no tax withholding shall be made for such compensatory damages.

2      Defendant shall prepare and distribute Form 1099 or equivalent tax reporting

3  forms to Webb and shall make the appropriate reports to the Internal Revenue

4  Service and other tax authorities.

5  C.      A check in the gross amount of $23,000 shall be issued to Webb minus any

6  applicable deductions, including for federal, state and/or local tax withholdings.

7  This amount is intended to compensate Webb for alleged lost wages. Defendant

8  shall pay the employer's portion of all federal, state, and local taxes, including but

9  not limited to FICA and FUTA taxes, and such amounts shall not be deducted from

10 this check.  As such, an Internal Revenue Service ("IRS") Form W-2 shall be

11 issued in connection with this payment.

12 D.      Defendant shall forward the settlement check to Webb via U.S. Certified

13 Mail within ten (10) business days of the Effective Date of this Decree, and receipt

14 by Defendant's undersigned counsel of a Form W-4 and Form W-9 (revised

15 December 2014) for Webb.

16

17 E.      Within three (3) business days of the issuance of the settlement checks,

18 Defendant shall submit a copy of the checks and related correspondence to Anna

19 Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission,

20 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

21

22                              **IX.**

23                     **INJUNCTIVE RELIEF**

24 A.      Non-Discrimination

25      Defendant, its officers, agents, management (including all supervisory

26 employees), successors, assigns, and all those in active concert or participation

27 with them, or any of them are enjoined for the duration of the Decree from

28

engaging in employment practices in violation of Title VII, as amended. These employment practices include:

1. Unlawfully failing to provide religious accommodation to job applicant(s) or employee(s);

2. Unlawfully denying equal employment opportunities to job applicant(s) or employee(s) based on religion;

3. Unlawfully subjecting job applicant(s) or employee(s) to any action, policy or practice that is intended or is known to them to have the effect of discriminating against or harassing any employee based on religion; and

4. Unlawfully discriminating against any job applicant(s) or employee(s) based on religion.

B.   Non-Retaliation

Defendant is enjoined from engaging in, implementing, or permitting any action, policy, or practice with the purpose of retaliating against any current or former employee or applicant of the Defendant because such employee or applicant has in the past, or during the term of this Decree:

1. Opposed in good faith any practice made unlawful under Title VII;

2. Filed a charge of discrimination in good faith alleging such practice;

3. Testified or participated in good faith in any investigation—including, without limitation, any internal investigation undertaken by Defendant—or proceeding in connection with this case or relating to any claim of a Title VII violation;

4. Been identified as a possible witness or claimant in this Action;

5. Asserted any rights under this Decree; or

6. Sought and/or received any relief in accordance with this Decree.

C.   Equal Employment Opportunity Monitor

Within thirty (30) days of the Effective Date of this Decree, Defendant shall designate an Equal Opportunity Monitor ("Monitor") that has been approved by the EEOC to implement and monitor its compliance with Title VII and the provisions of this Decree.  Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties. The Monitor's responsibilities shall include the following:

1.   Ensuring that Defendant maintains and implements nation-wide an anti-discrimination, religious accommodation, and anti-retaliation policy and reporting procedure that will effectively carry out its obligations under Title VII and this Decree;

2.   Ensuring that Defendant maintains effective training for its employees, including management and human resources employees in California, on their rights and responsibilities under Title VII and this Decree, as well as under Defendant's policies and procedures relating to harassment, discrimination, and retaliation;

3.   Ensuring that Defendant maintains nation-wide procedures for complaints of discrimination and/or retaliation, and requests for accommodation that comply with its obligations under Title VII and this Decree;

4.   Ensuring that Defendant maintains a system for monitoring any investigation of any complaint nation-wide of religious discrimination, failure to accommodate or retaliation;

5.   Ensuring that Defendant maintains proper communications with complainants regarding the accommodation process, the complaint procedure, status of the request for accommodation and/or complaint, status of any subsequent investigation, results of the investigation, and any remedial action taken;

6.     Ensuring that Defendant communicates to third-party clients in San Diego and Orange counties that they should forward any requests for reasonable accommodation to Defendant's Human Resources Department and appropriate managers; and

7.     Ensuring compliance with the reporting requirements of this Decree.

D.    <u>Policies and Procedures</u>

1.     With the EEO Monitor's assistance, Defendant shall review and, if necessary, revise its policies and procedures against discrimination and retaliation prohibited by Title VII (the "Policy"). The revised nation-wide Policy shall include:

    a.     A clear explanation regarding Defendant's obligation to provide religious accommodation to job applicants and employees under Title VII;

    b.     A clear explanation of the procedures for requesting a religious accommodation;

    c.     A clear explanation of prohibited conduct, including discriminating against job applicants and employees based on religion;

    d.     A clear explanation of the procedures for filing a complaint of discrimination and/or retaliation;

    e.     Assurances that employees who request a religious accommodation, make complaints of discrimination, or provide information related to such complaints are protected against retaliation; and

    f.     Assurance that Defendant will take prompt and appropriate corrective action when it determines that discrimination and/or retaliation has occurred.

9

2. This revised policy shall be accessible in English, and when requested by an employee, in Spanish.

3. Within sixty (60) days of the Effective Date, Defendant shall ensure that it has distributed the Policy nationwide, by either physical or electronic posting, to every employee, including managers and supervisory employees.

4. Defendant shall ensure that all employees understand Defendant's obligations and responsibilities under Title VII and Defendant's policies and procedures for requesting a religious accommodation.

E. Training

1. **Human Resources Personnel/Managers in California**

All of Defendant's regional vice-presidents, branch managers, operations managers, human resources personnel and managers who are assigned to its California facilities shall attend, at least once every two years during the course of the four (4) years following the Effective Date of this Decree, a training program that includes information about religious accommodations and religious discrimination. This training shall occur in connection with the Company's training pursuant to California AB 1825, and shall be, in total, at least two (2) hours in duration. All Human Resource employees and Managers who attend the training shall verify such attendance in writing or electronically. At a minimum, this anti-discrimination and anti-retaliation training for managerial employees shall include instruction regarding:

a. Defendant's responsibilities and requirements under Title VII;

b. Making objective hiring and employment decisions that are not based on religion or religious stereotype;

10

c.   Proper procedures for making a request for reasonable accommodation;

d.   Proper handling of requests for reasonable accommodation and engaging in an adequate accommodation review process;

e.   Proper handling of discrimination complaints and conducting an adequate investigation in response; and

f.   A review of Defendant's revised equal employment policies and practices consistent with this Decree.

Defendant shall provide the EEOC with a copy of the materials used for this training.

2.   **Employees Assigned to Work Off-Site in San Diego, County**

All of Defendant's non-supervisory employees, security professionals, and any other personnel who are assigned to work off-site within San Diego County, California shall receive online training approved by the EEOC. This training shall occur within six (6) months of the Effective Date of this Decree and once annually thereafter for the duration of this Decree.  These employees shall verify their attendance in writing or electronically.  This online training shall direct employees to the appropriate Human Resources personnel regarding any questions. All new non-supervisor employees assigned to work off-site within San Diego, California shall receive the training within thirty (30) days of hire.  This training shall, at a minimum, include:

a.   Defendant's responsibilities and requirements under Title VII;

b.   The proper process and procedures for making a request for reasonable religious accommodation pursuant to company policy;

c.      Proper process and procedures for making complaints of
discrimination and/or retaliation;

d.      A review of Defendant's revised equal employment policies
and practices consistent with this Decree; and

e.      The name and contact information for a human resources manager to
whom employees can speak if there are any concerns in this regard.

F.      <u>Accountability</u>

Defendant shall hold its managers and supervisors accountable for failing to comply with Defendant's anti-discrimination and anti-retaliation policies and procedures.

G.      <u>Posting of Notice</u>

Within ten (10) business days after the Effective Date, and throughout the term of this Decree, Defendant shall post at all of its Branch Offices in California, the Notice (attached as **Exhibit "A"**) of the terms of this Decree in a clearly visible location frequented by employees at that facility for a period of sixty (60) days.

## X.

## RECORD KEEPING AND REPORTING

A.      <u>Document Preservation</u>

For the duration of the Decree, Defendant shall maintain such records for its facilities in San Diego, Orange County, and Long Beach as are necessary to demonstrate its compliance with this Decree, including but not limited to the following:

1.      All documents generated in connection with any request for religious accommodation of which human resources becomes aware and resolution of such request for the duration of the Decree;

2. All documents generated in connection with any religious discrimination and/or retaliation complaint of which human resources becomes aware, any investigation into such complaint, and resolution of such complaint for the duration of the Decree;

3. All documents demonstrating the posting and/or availability of the revised policy and complaint procedure against discrimination and retaliation;

4. A list of the dates of the training required under this Decree;

5. All documents showing the list of names and positions of all attendees at the training required under this Decree;

6. All equal employment policies and procedures as required under this Decree; and

7. All training materials in connection with the training required under this Decree.

B. Initial Reports

1. Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming that the notice (Exhibit A) described in Section IX.G. has been posted.

2. Within sixty (60) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the Policy described in Section IX.D.

3. Within sixty (60) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the development and implementation of the revised Policy described in Section IX.D.

4. Within thirty (30) days after hiring the EEO Monitor, Defendant shall submit to the EEOC the training materials required in Section IX.E.

13

This includes a description of the training to be provided and an outline of the curriculum developed for the trainees.

C.   Reports from the Monitor Regarding Audits

During the duration of this Decree, the EEO Monitor shall conduct annual audits regarding Defendant's compliance with this Decree and its employment practices. The first audit shall occur no later than one-hundred and twenty (120) days after the Effective Date of this Decree. These audits shall be conducted without any prior notice to Defendant. The Monitor's audits shall verify the following about Defendant's California facilities:

1. Defendant's record-keeping practices are compliant with this Decree;

2. Defendant's response to all requests for religious accommodation were properly handled under Title VII and in compliance with this Decree;

3. Defendant's response to all religious discrimination and retaliation complaints were properly handled under Title VII and in compliance with this Decree;

4. A review of training materials, and assessment of the effectiveness of training;

5. A review of Defendant's equal employment opportunity policies and procedures, and assessment of the effectiveness of such written policies.

Within thirty (30) days after each audit, the Monitor shall provide a written report to the EEOC regarding its findings. This report shall include all information and documents relating to Defendant's response to requests for religious accommodation, complaints of religious discrimination, and complaints of retaliation for its San Diego, Orange County, and Long Beach facilities. This includes the identity and job title of the persons involved in the accommodation or complaint process, the steps taken in response to the request for reasonable

14

accommodation or complaint, the rationale for the ultimate decision, and all documentary evidence pertaining to the request for religious accommodation, religious discrimination complaint, or retaliation complaint.

D.   <u>Annual Reports</u>

For the entire duration of the Decree, Defendant shall provide the EEOC with annual written reports no later than the anniversary date of the Effective Date of this Decree. The subsequent annual reports shall include verification of the following regarding all of Defendant's California facilities:

1.    Defendant's equal employment and accommodation policies and practices comply with Title VII and this Decree;

2.    Defendant has refrained from engaging in practices which subject job applicants and/or employees to religious discrimination and/or retaliation in violation of Title VII and this Decree;

3.    All training sessions required under this Decree during the prior twelve months have occurred;

4.    Defendant has undertaken its best efforts to assure that all employees required to attend a training session under this Decree during the prior twelve months received the required training;

5.    Confirmation that Defendant has undertaken its best efforts to assure that the Policy and training was provided to all employees hired after the entry of this Decree as set forth in this Decree; and

6.    A report of all religion or retaliation-related discrimination complaints in the San Diego, Orange County, and Long Beach facilities of which human resources became aware that were made since the submission of the immediately preceding report. This report shall include the names of the individuals alleging discrimination; the nature of the

alleged discrimination; the identities of the alleged discriminating officials; the dates of the alleged discrimination or retaliation; a brief summary of how each complaint was resolved; the identity of the employee(s) who investigated and/or resolved each complaint; and a description of the resolution or findings. If no results have been reached as of the time of the report, the result shall be included in the next report.

## XI.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XII.
## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.
## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, Defendant and its successors shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D.      The Parties agree to entry of this Decree and judgment subject to final approval by this Court.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

1   All Parties, through the undersigned, respectfully apply for and consent to

2   the entry of this Consent Decree Order.

3

4                                                    So stipulated,

5

6                                                    MARTENSON, HASBROUCK & SIMON
                                                     LLP
7

8
                                                By:
9   Dated: 12-1-17
                                                     Marty N. Martenson
10                                                   E-Mail: mnmartenson@martensonlaw.com

11
                                                     Attorney for Defendant
12                                                   Universal Protection Service, LP

13

14

15  Dated: 12-1-17                              By:
                                                     For and on behalf of Defendant Universal
16                                                   Protection Service, LP

17

18
                                                     U.S. EQUAL EMPLOYMENT
19                                                   OPPORTUNITY COMMISSION

20

21
                                                By:
22  Dated: 12/5/17
                                                     Anna Y. Park
23                                                   Regional Attorney
                                                     E-Mail: anna.park@eeoc.gov
24

25                                                   Sue J. Noh
                                                     Connie K. Liem
26

27                                                   Attorneys for Plaintiff EEOC

28

1

## <u>ORDER</u>

2

3      **GOOD CAUSE APPEARING:**

4          The Court hereby finds that compliance with all provisions of the foregoing

5  Decree is fair and adequate.  The Court hereby retains jurisdiction for the term of

6  the foregoing Consent Decree, and the provisions thereof are hereby approved.

7

8      **IT IS SO ORDERED.**

9

10

11  Dated: _1/18/2018_                    _____

12                                       U.S. District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Diego Local Office**

555 W. Beech St., Suite 504
San Diego, CA 92101
(619) 557-7235
FAX (619) 557-7274

### NOTICE OF CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of <u>U.S. Equal Employment Opportunity Commission v. Universal Protection Service, LP, dba Allied Universal Security Services;</u> Civil Case No. 17CV2436 BEN NLS, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace. On December 5, 2017, the EEOC filed a lawsuit in the United States District Court against Allied Universal Security Services ("Allied Universal"), alleging that Allied Universal discriminated against an employee on the basis of religion (Islam) and retaliation in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"). Thereafter, Allied Universal settled the case by entering into a "Consent Decree" with the EEOC and paying monetary relief of $90,000. Allied Universal also agreed to retain an equal employment monitor, review and revise its equal employment policies and practices, provide annual anti-discrimination training for employees and managers, post a notice of settlement, track complaints of all employees to ensure compliance, and undertake record-keeping and reporting to the EEOC, among other things.

Federal anti-discrimination law prohibits discrimination or harassment against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin.

Allied Universal is committed to complying with federal anti-discrimination laws in all respects, including preventing and remedying religious discrimination and retaliation. Allied Universal will not tolerate discrimination or harassment against employees on the basis of that person's sex, race, national origin, color, religion, disability, and age. Allied Universal further prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been discriminated against because of your sex, national origin, age, race, color, religion, or disability, or retaliated against, you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

555 W. Beech St., Suite 504
San Diego, CA. 92101
1-800-669-4000
